■ KAY VERRILLI, Respondent, v GEORGE E. VERRILLI, Appellant.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Charde, Jr., J.H.O.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered June 5, 1989 in Dutchess County, upon a decision of the court.

Plaintiff and defendant were married in 1960. Four children were born of the marriage between 1961 and 1965, one of whom died shortly after birth. When the parties married, defendant had already acquired his license to practice medicine and was in the process of completing a residency in his chosen specialty of obstetrics and gynecology. He commenced practice in Westchester County and plaintiff assisted him in the office as a receptionist until their first child was born. In 1963 they moved to the Village of Rhinebeck, Dutchess County. Rhinebeck had been plaintiff's home town and her family was prominent in the community. Her father was a director of the local bank and a member of the board of the local hospital where defendant started to practice.

In 1976, the parties separated after plaintiff discovered that defendant was engaged in an extramarital affair with his office manager. Thereafter, defendant and his paramour lived together in a multifamily residence that he purchased, and she bore him two children.

The divorce action was commenced by plaintiff in 1984. A bench trial was held before Supreme Court in 1988, following which plaintiff was granted a divorce and equitable distribution. The court found that there was marital property worth an aggregate of $3,873,594, mainly consisting of 11 parcels of residential and commercial real property, defendant's pension fund and medical practice and most of defendant's collection

of antique and vintage automobiles. The court essentially adopted the valuation of the properties at the time of trial given by plaintiff's experts. Except for the value of defendant's medical practice, the court directed an equitable distribution equally dividing the aggregate value of the marital property of the parties. As to defendant's medical practice, the court awarded plaintiff 30% of the value thereof and the balance to defendant. The court implemented its division by allocating between the parties the real and personal property subject to distribution. Plaintiff was awarded sole title to real and personal property worth almost $1,900,000, approximately half of which was attributable to the marital residence and adjoining acreage. Defendant's award of some $1,977,000 included retention of his medical practice, pension fund, automobiles and commercial real property. Supreme Court also awarded plaintiff permanent maintenance of $48,000 annually and a portion of her counsel and expert witness fees.

Defendant's appeal is mainly directed at the equitable distribution award. Regarding Supreme Court's disposition of the parties' real property, defendant principally advances two major objections. First, he claims that the court ignored the evidence that various parcels were acquired with his separate property and, hence, should either have been treated as separate property not subject to equitable distribution or, at the least, he should have been given appropriate credit in the award for his contributions of separate property. Specifically, he refers to his testimony that (1) one of the parcels held to be entirely marital property was purchased by him in 1963, as an unimproved lot, with the proceeds of the sale of an automobile he owned before he married plaintiff, and (2) a leasehold interest in a professional office building in Rhinebeck and fee interests in properties in Nova Scotia were acquired with funds defendant inherited from his parents. Even if we were to credit defendant's testimony, the uncontradicted evidence was that all of the foregoing parcels were either initially acquired in joint names with plaintiff, or marital income was used to complete substantial payments for the acquisition or to pay for improvements representing almost all of their current value. Thus, these parcels lost whatever character they may have had as separate property and, at most, defendant was only entitled to credit for his contributions of separate property to their value (see, Coffey v Coffey, 119 AD2d 620, 622-623; Parsons v Parsons, 101 AD2d 1017, 1017-1018).

Supreme Court, however, expressly rejected defendant's testimony that his separate property was used directly in the

acquisition of the foregoing parcels. The court found more credible plaintiff's testimony that, after the parties married, they pooled their separate funds in joint accounts, out of which all purchases were made. Such commingling of separate funds in a joint account from which moneys were disbursed to purchase the real property justifies characterizing the acquisitions as marital property (see, Lischynsky v Lischynsky, 120 AD2d 824, 826-827). Rejection of defendant's version of the facts was well within the trial court's discretion in resolving issues of credibility. Defendant offered no documentation for his assertions regarding the funding sources for these acquisitions and his answers to questions on this subject under cross-examination were often vague and inconsistent. He thus failed in sustaining his burden of establishing that purchases during the marriage were made from separate properties (see, Sarafian v Sarafian, 140 AD2d 801, 805).

Alternatively, defendant contends that Supreme Court erred in awarding plaintiff 50% of the value of three valuable parcels of real property that he acquired after the parties separated, but before the divorce action was commenced. Relying upon Gross v Gross (160 AD2d 976), defendant argues that his economic partnership with plaintiff ended when they permanently separated and, hence, plaintiff made no direct or indirect contributions to any property that he acquired thereafter. In our view, however, there were equities in plaintiff's favor supporting Supreme Court's division of the properties in question. First, Supreme Court expressly attached major importance to the indirect contributions that plaintiff made to defendant's acceptance in the community following their move to Rhinebeck and the success of his professional practice there. The court could validly take into account this factor in enabling plaintiff to share in postseparation acquisitions as partially the fruits of her earlier efforts to help defendant's career (see, Ducharme v Ducharme, 145 AD2d 737, 739, lv denied 73 NY2d 708; Wegman v Wegman, 123 AD2d 220, 237). Second, following their separation, plaintiff clearly shouldered the major responsibility of childrearing for the parties' three sons, whose ages then ranged from 11 to 15. Relieving defendant of that burden can properly be considered an indirect contribution to defendant's financial ability to have acquired additional assets following the separation (see, Greenwald v Greenwald, 164 AD2d 706). Finally, we note that even taking into account the maintenance awarded to plaintiff, there will likely remain a wide discrepancy in the future between the respective incomes of the parties and their

abilities to accumulate further wealth. Supreme Court found that defendant had an annual earning capacity of $250,000 and plaintiff had none. Less than one half of the real property distributed to plaintiff was income producing, while almost all of the real property awarded defendant was income producing. Such wide financial disparity is an additional valid consideration in making an equitable distribution award (see, Megally v Megally, 142 AD2d 721, 722; Ruvolo v Ruvolo, 133 AD2d 364, 366; see also, Domestic Relations Law § 236 [B] [5] [d] [8]). These factors, along with the length of the marriage, support Supreme Court's discretionary determination that overall equity would best be achieved by equally dividing the parties' tangible assets while awarding plaintiff only 30% of the value of defendant's medical practice. We find no abuse of discretion warranting modification of that division with respect to particular properties (see, Petrie v Petrie, 124 AD2d 449, 450, lv dismissed 69 NY2d 1038).

We similarly reject defendant's contention that Supreme Court erred in valuing the income-producing properties of the parties, title to most of which was held by defendant, as of the date of trial in 1988, rather than the date of commencement of the action in 1984. Defendant failed to introduce evidence of valuation on the date that he now contends was controlling and failed to object on this ground to the evidence relied upon by the court. Moreover, under the circumstances of this case, a valuation as of the date of trial of these properties was not necessarily improper (see, Ducharme v Ducharme, supra; Patelunas v Patelunas, 139 AD2d 883, 885). Defendant's remaining points on the equitable distribution award are equally unavailing. Generally, they relate to factual issues for which Supreme Court's determinations were amply supported in the record, either by plaintiff's proof or by the absence of credible evidence introduced by defendant on issues where he bore the burden of proof.

We likewise agree with Supreme Court's award of permanent maintenance of $48,000 per year. All of the appropriate statutory factors were considered (see, Domestic Relations Law § 236 [B] [6] [a]), notably, plaintiff's age (58), her lack of earning capacity, having long ago withdrawn from the workplace to be a wife, mother and homemaker with defendant's consent, and the previously described earning capacity of defendant as found by the court, amply supported by the evidence of his most recent earnings prior to the deduction for his retirement account.

We also reject defendant's objection that Supreme Court

erred in awarding a portion of plaintiff's counsel and expert witness fees without a hearing. Not only did defendant agree to the submission of the issue of fees on papers *(see, Rosenberg v Rosenberg,* 155 AD2d 428, 432), but the award here was merited under the circumstances outlined by Supreme Court *(see, De Cabrera v Cabrera-Rosete,* 70 NY2d 879, 881). We have considered defendant's remaining points and find them also without merit.

Judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.