■ ROBERT M. FINCH, Respondent-Appellant, v MARINA A. FINCH, Appellant-Respondent.—Mahoney, P. J. Cross appeals from a judgment of the Supreme Court (Smyk, J.) ordering equitable distribution of the parties' marital property, entered July 20, 1990 in Broome County, upon a decision of the court.

Plaintiff and defendant were married on February 2, 1974 and separated in April 1986. Plaintiff commenced this action for divorce and equitable distribution in November 1987. Defendant answered and counterclaimed seeking the same relief. The trial for equitable distribution occurred on July 3, 1989. Following trial, Supreme Court awarded plaintiff real property located at 4 Thomas Road in the City of Binghamton, Broome County, with a gross value of $205,000 as of August 1988. The net value of the property, approximately $90,000, was reached, in part, by deducting the value of a life estate held by plaintiff's mother who died after commencement of this action. Plaintiff built most of the house located on this property and part of the improvements were made after the parties separated in April 1986. Plaintiff is currently residing at 4 Thomas Road and the property has been in his family for approximately 49 years.

Supreme Court awarded defendant possession of property at 217 Ackley Avenue in the Village of Johnson City, Broome County, with a net value of $52,000 along with an automobile and jewelry valued at $11,000, for a total of $63,000. Supreme Court further ordered a distributive award of $27,000 to be paid by plaintiff to defendant because of the greater value of the Thomas Road property. From the judgment entered, defendant appeals and plaintiff cross-appeals.

Initially, we reject defendant's contention that the adjustment for the life estate of plaintiff's deceased mother was improper because the mother had died prior to the date of the equitable distribution hearing and, therefore, the value of the Thomas Road property was more properly determined at the commencement thereof. Defendant failed to object to Supreme Court's valuation date on that ground and introduced no evidence of the property's valuation on the date now alleged to be controlling *(see, Verrilli v Verrilli,* 172 AD2d 990).

We also reject defendant's claim that Supreme Court erred in its findings regarding plaintiff's alleged dissipation of funds or transfer of assets in contemplation of divorce. These issues turned directly on the credibility of witnesses and, affording Supreme Court its due deference on such questions *(see, Lenczycki v Lenczycki,* 152 AD2d 621, 623), we find the determinations made below amply supported in the record *(see, Verrilli v Verrilli, supra).*

We do, however, agree with plaintiff's contention in his cross appeal that the distributive award of $27,000 ordered by Supreme Court to be paid to defendant because of the greater value of the Thomas Road property is excessive.

A distributive award is designed "to supplement, facilitate or effectuate" a property distribution (Domestic Relations Law § 236 [B] [1] [b]). Here, the $27,000 distributive award was made "because of the higher value of the Thomas Road property". Yet, the effect of this award was to decrease the $90,000 property award to plaintiff to $63,000 and increase the $63,000 property award to defendant to $90,000, thereby interchanging the amount of the awards. Since Supreme Court made the distributive award "because of the higher value of the Thomas Road property," we infer that an equal distribution was intended. Given such inference, we choose to exercise our authority, rather than remit the matter, and modify the judgment to reduce the distributive award to defendant to $13,500.

Casey, Mikoll, Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reducing the distributive share to defendant to $13,500, and, as so modified, affirmed.