■ In the Matter of PETER J. MONAHAN, Respondent, v VALERIA MONAHAN, Appellant.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Family Court of Rockland County (Stanger, J.), entered March 30, 1990, which, *inter alia,* dismissed respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

In 1972, the parties were married and Kristin, their daughter, was born in February 1981. In June 1984, the parties entered into a separation agreement which provided, *inter alia,* that petitioner has certain visitation rights, that respon-

dent has physical custody and that both parties have joint legal custody of Kristin. In December 1984, the parties were granted a judgment of divorce which incorporated the separation agreement. During a weekend visitation with petitioner Kristin expressed confusion about where she would reside, raising petitioner's concern that respondent may move to Texas. By order to show cause dated December 10, 1987 and cross motion dated January 26, 1988, petitioner and respondent, respectively, petitioned Family Court for sole and exclusive custody of Kristin. On March 30, 1990, after issue was joined and numerous hearings, Family Court dismissed both parties' petitions and continued joint custody of Kristin with both parties. This appeal by respondent ensued.

Respondent contends that Family Court improperly maintained joint custody between the parties because the parties cannot agree on anything concerning Kristin. We disagree. It is clear that joint custody should not be awarded where there exists sharp differences between the parties *(see, Bliss v Ach, 56 NY2d 995, 998)*. In the instant proceeding, a review of the record fails to demonstrate that the parties are so embattled and embittered that they are unable to put aside their differences for the benefit of their daughter *(see, O'Connor v O'Connor, 146 AD2d 909)*. To the contrary, other than a few minor skirmishes, the record reveals that the parties were able to work together in getting Kristin therapy when she appeared anxious and confused, in scheduling religious instructions and in granting petitioner an additional day of visitation. We view the parties' actions in these matters as representing relatively stable, amicable parents behaving in a mature and civilized fashion *(see, Braiman v Braiman, 44 NY2d 584, 589-590)*, and we cannot say the Family Court abused its discretion in continuing the joint custody arrangement.

Mahoney, P. J., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.