■ OPHELIA WOODSON, Respondent, v JAMES WOODSON, Appellant.—In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Galfunt, J.H.O.), entered June 29, 1989, as, after a hearing on the issue of equitable distribution, awarded the wife a share of the value of certain property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

After a divorce was granted, this matrimonial action was referred to a Judicial Hearing Officer (hereinafter JHO) to determine the issue of equitable distribution. The only assets in dispute at the hearing were the marital residence and an apartment building purchased by the husband for investment purposes after the commencement of the action. The evidence established that the wife contributed $20,000 toward the $65,000 purchase price and initial repairs of the investment property and that this contribution was from her separate property or from property traceable to her interest in a marital asset *(see, Ducharme v Ducharme,* 145 AD2d 737; *Siegel v Siegel,* 132 AD2d 247).

The hearing revealed that $28,000 of the purchase price came from proceeds of a second mortgage on the marital residence. The testimony established that the husband persuaded the wife to obtain the second mortgage as a means to secure the family's financial future. The JHO credited one-half of the $28,000 to the wife. In 1982, the wife gave the husband $1,500 from her own funds for repairs on the investment property. The JHO found this sum to be the wife's separate property. The following year, the parties refinanced and consolidated the two mortgages on the marital residence, receiving $9,000 in cash, which was used by the husband for further repairs on the property. The JHO found the wife's interest in the loan proceeds to be one-half or $4,500. We agree with the JHO's conclusion that inasmuch as her contri-

butions constituted 31% of the purchase value of the investment property, the wife was therefore entitled to the same percentage of its current appraised value.

The husband's remaining contentions are without merit. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.