■ In the Matter of RICHARD N. GOEBEL, SR., Appellant, v REGINA L. GOEBEL, Respondent. [609 NYS2d 395] —Cardona, P. J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered September 29, 1992, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties were married on August 6, 1983 and separated on December 14, 1991. Petitioner commenced this proceeding for sole custody and respondent cross-petitioned for the same relief. Following a hearing, Family Court awarded joint custody and placed primary physical custody of the children with respondent. Thereafter on March 25, 1993, based upon the parties' agreement, Family Court executed an order which modified its previous order of September 29, 1992 by transferring primary physical custody of the children from respondent to petitioner and granting respondent the same custodial time which had been granted to petitioner.

Petitioner contends that Family Court erred in awarding joint custody. In the absence of proof in this record that petitioner reserved the right to appeal the original award of joint custody, his acquiescence in the continuation of it while accepting primary physical custody from respondent constitutes an estoppel of his right to contest it *(see,* 57 NY Jur 2d, Estoppel, Ratification and Waiver, § 34) and justifies dismissal of his appeal. In any event, were we to reach the merits, we would affirm Family Court's order because the record fails to demonstrate that these two parents are so "embattled and embittered" *(Braiman v Braiman,* 44 NY2d 584, 590) that they are incapable of putting aside their differences for the benefit of the children *(see, Matter of Monahan v Monahan,* 178 AD2d 829, 830) and cooperating to jointly raise them *(see, Bliss v Ach,* 56 NY2d 995, 998), as manifested by the consensual change in primary physical custody. Their "minor skir-

mishes"—in part attributable to interference from third parties—are not valid bases upon which to deny joint custody *(see, Matter of Monahan v Monahan, supra,* at 830).

Mikoll, Crew III and Weiss, JJ., concur. Ordered that the appeal is dismissed, without costs.