■ JOANNE JUNEAU, Appellant, v ALFRED J. JUNEAU, Respondent. [614 NYS2d 615] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Conway, J.), entered April 9, 1993 in Albany County, which, *inter alia,* awarded sole custody of the parties' children to defendant and ordered plaintiff to pay child support.

The parties were married in 1985 and have two children, Jennifer (born in 1986) and Justine (born in 1988). In January 1993, Supreme Court granted a decree of divorce based upon the parties' cruel and inhuman treatment of each other. This appeal by plaintiff brings up for review the court's resolution of custody, visitation and child support issues.

A trial was held on these issues, at which the testimony of several fact witnesses was taken, as well as that of a court-appointed psychologist, Randy Cale, who had examined each of the parties, both with and without the children present, and had also met with the girls alone. Cale had also interviewed the children's paternal grandparents, who provided a significant amount of child care during the marriage, and, more recently, for defendant, who had been awarded custody pendente lite. Also received into evidence were two of Cale's reports, a report prepared by a psychology student intern who had interviewed the parties, and deposition testimony given by two other psychologists who had been engaged by the parties.

Cale noted in his reports that, although both parents were

adequate caretakers, he was concerned about plaintiff's denigration of defendant to the children. He concluded nevertheless that joint legal custody would be acceptable, and recommended that physical custody be awarded to defendant. The Law Guardian, who actively participated in the trial, also recommended that the parties be granted joint legal custody, with defendant having primary physical custody.

After stating that joint custody was not an option, because the parties had not agreed to it, Supreme Court found that it would be in the children's best interests for defendant to have custody, gave plaintiff specified visitation and ordered her to pay child support of $105 per week, together with certain amounts for child care expenses, dance classes and health insurance.

Although we find no fault with Supreme Court's grant of primary physical custody to defendant, plaintiff argues persuasively that it would have been more appropriate to award the parties joint legal custody. Joint custody may be ordered when both parties are fit and loving parents who desire to share in the upbringing of their children, providing they have demonstrated a willingness and ability to put their differences aside and behave in a "mature civilized fashion" for that purpose (*Braiman v Braiman,* 44 NY2d 584, 590; *see, Matter of Clark v Dunn,* 195 AD2d 811, 813). Here, while each party sought sole custody, they both also indicated that joint custody would be an acceptable "second choice"; thus, they are apparently willing to work together for the benefit of their children. And while the record indicates that the parties argued and bickered incessantly during their marriage, there is no evidence they they are "so embattled and embittered" that they will be unable to cooperate to the extent necessary to provide their children with proper care (*Matter of Monahan v Monahan,* 178 AD2d 829, 830; *see, Matter of Venable v Venable,* 122 AD2d 374).

Given Cale's recommendation, with which the Law Guardian concurred, and plaintiff's uncontradicted testimony that, as of the time of trial, she had begun counseling and was no longer engaging in the improper behavior noted by Cale, which provides further evidence of her willingness and ability to put aside her negative feelings toward defendant for the children's benefit, it would appear that joint custody would be workable here. Inasmuch as it seems that the only basis for Supreme Court's failure to order joint legal custody was its mistaken impression that it could not do so in the absence of an agreement by the parties (*see, Voelker v Keptner,* 156 AD2d

1014, 1015-1016), the judgment should be modified in this respect.

Regarding the issue of child support, we agree with plaintiff that the record is inadequate to support Supreme Court's award. Remittal to Family Court,* so that the parties may have an opportunity to provide the additional information necessary to properly compute plaintiff's child support obligation (see, Domestic Relations Law § 240 [1-b] [b] [5]; [c]; *Glazer v Glazer*, 190 AD2d 951, 954), is required. It bears noting, in this respect, that there was no evidence as to the amount of FICA taxes actually paid by either party and, although plaintiff might be obliged to share in child care expenses (see, Domestic Relations Law § 240 [1-b] [c] [4]), the record contains no indication of the expense incurred by defendant for such care, or whether that expense is expected to continue at the same level during the entire year. In short, there was no basis for Supreme Court's award of a fixed monthly amount for child care. It was also improper to require that plaintiff pay health insurance premiums as a separate, additional expense (see, *Chasin v Chasin*, 182 AD2d 862, 863). Finally, the court did not provide any explanation for its requirement that plaintiff pay one half of the children's uninsured medical expenses, rather than a pro rata share based on the parties' relative levels of income (see, Domestic Relations Law § 240 [1-b] [c] [5]).

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, to the extent that the parties are awarded joint legal custody of Jennifer and Justine, with defendant to have primary physical custody, and the child support provisions thereof are deleted; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* The parties agree that because there is another proceeding involving the same parties and relating to similar matters currently pending in Family Court, which has concurrent jurisdiction over support issues, remittal to that court is appropriate.