■ Jo Ann Palmer, Appellant-Respondent, v Larry I. Palmer, Respondent-Appellant. [637 NYS2d 225] —Crew III, J. Cross appeals from a judgment of the Supreme Court (Monserrate, J.) ordering, *inter alia*, joint custody of the parties' children, entered September 20, 1994 in Tompkins County, upon a decision of the court.

The parties were married in 1976 and have three children, Michael, whom the parties refer to as Barry (born in 1977), Isaac (born in 1979) and Reid (born in 1982). Plaintiff commenced this action for divorce in September 1992, alleging adultery and cruel and inhuman treatment by defendant. Defendant ultimately withdrew his answer and the trial proceeded with respect to property, support and custody issues.

By decision dated April 7, 1994 Supreme Court ordered, *inter alia*, that the parties have joint legal custody of the children, with shared physical custody of Isaac and Reid. Specifically, plaintiff was to have physical custody of Isaac and Reid for two weeks, with defendant having physical custody every third week; Barry was permitted to reside with whichever parent he

wished. Additionally, each party was entitled to weeknight visitation with the children during the weeks they did not have physical custody and vacation periods essentially were divided equally between plaintiff and defendant. Supreme Court also denied plaintiff's application to have defendant pay her unpaid counsel fees.

Plaintiff thereafter moved to modify certain provisions of the decision or for a new hearing, and defendant cross-moved for similar relief. Supreme Court subsequently clarified certain provisions of its prior decision, not relevant to the issues raised on this appeal, and adhered to its previous denial of plaintiff's application for counsel fees. Plaintiff appeals from the judgment entered thereon.

As a starting point, we note that although defendant filed a notice of appeal in this matter, he does not affirmatively raise any issues and argues only that Supreme Court's judgment should be affirmed. Additionally, we observe that any issue regarding custody of or visitation with Barry has been rendered moot by the fact that he reached the age of 18 during the pendency of this appeal (*see, Glazer v Glazer*, 190 AD2d 951, 954).

Turning to the merits, plaintiff initially contends that Supreme Court erred in awarding joint legal custody. We cannot agree. To be sure, joint custody is inappropriate where the parties are so acrimonious, embattled and embittered as to effectively preclude joint decisionmaking (*see, Braiman v Braiman*, 44 NY2d 584, 589-590). Such an arrangement may be ordered, however, where both parties are fit and loving parents, possess a desire to share in the upbringing of their children and have demonstrated a willingness and ability to set aside their personal differences and work together for the good of their children (*see, Juneau v Juneau*, 206 AD2d 647, 648). Although the record reflects that plaintiff and defendant have disagreed over certain issues regarding the children, it also reflects that each parent has attempted to foster the children's continued relationship with the other and has refrained from involving the children in the particulars of their marital discord. Additionally, it is apparent that although plaintiff and defendant may possess a somewhat different parenting style, each truly has their children's best interest at heart and have been able to work together toward that end (*see, Matter of Monahan v Monahan*, 178 AD2d 829, 830). Accordingly, we see no basis for disturbing Supreme Court's award of joint custody.

We reach a similar conclusion regarding Supreme Court's decision to establish a shared physical custody arrangement.

Pursuant to the pendente lite order of custody and visitation, the children resided with plaintiff and defendant had weekend visitation three weekends per month. Both parties expressed dissatisfaction with this arrangement; defendant wanted some weekday time with the children so that he could be more than just a "weekend dad" and plaintiff, in turn, wanted more time with the children on weekends. Although the alternating physical custody arrangement imposed by Supreme Court potentially introduced some degree of instability into the children's lives, given, *inter alia*, the flexibility in the parties' work schedules, the age of the children, the fact that both plaintiff and defendant reside in the same school district and each parent's expressed desire to spend more time with the children and be actively involved in their lives, we cannot say that Supreme Court abused its discretion in establishing such an arrangement.

Of the remaining arguments advanced by plaintiff, only Supreme Court's decision to permit defendant continued access to the marital residence warrants any discussion. The judgment appealed from granted plaintiff exclusive use and occupancy of the marital residence, except that defendant was entitled to enter the residence for the purpose of picking up or dropping off the parties' children. Although Supreme Court indeed is vested with broad discretion in this area (*see generally*, Domestic Relations Law § 234) and the parties have demonstrated a measure of maturity and civility, permitting defendant this type of access to plaintiff's residence only invites unnecessary conflict and animosity, particularly where, as here, there is no limit regarding the hours at, the frequency with or the areas in which defendant is permitted to enter. Plaintiff's remaining contentions, including her assertion that Supreme Court abused its discretion in denying her application for counsel fees, have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by deleting so much thereof as permitted defendant access to the marital residence for the purpose of dropping off or picking up the parties' children, and, as so modified, affirmed.