■ In the Matter of WAYNE J. FEDUN, Respondent, v KATH-LEEN M. FEDUN, Also Known as KATHLEEN M. RAMOS, Appellant. [641 NYS2d 759] —Crew III, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered September 28, 1994, which, *inter alia*, dismissed respondent's cross petition, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

Petitioner and respondent were married in 1985 and have one child, Andrew (born in 1989). Following the parties' divorce in August 1993, Supreme Court referred the issue of custody to Family Court and, pending resolution of that issue, the parties temporarily agreed to a joint custody arrangement whereby physical custody of Andrew alternated at certain agreed-upon intervals. Thereafter, in October 1993, petitioner requested sole custody of Andrew and respondent cross-petitioned for similar relief. Following a hearing in April 1994, and after giving due consideration to, *inter alia*, the parties' testimony, the relevant mental health evaluations and the Law Guardian's recommendation, Family Court denied the respective petitions and awarded the parties joint custody of Andrew, with Andrew residing with each parent on alternate weeks and the parties sharing equally in all holidays and vacations. This appeal by respondent followed.

We affirm. It is well settled that "[j]oint custody involves the sharing by the parents of responsibility for and control over the upbringing of their children, and imposes upon the parents an obligation to behave in a mature, civilized and cooperative manner in carrying out the joint custody arrangement" (*Matter of Drummond v Drummond*, 205 AD2d 847, 847-848). For these reasons, although an award of joint custody generally is recognized as inappropriate where the parties are so embattled and embittered as to effectively preclude joint decisionmaking (*see, Braiman v Braiman*, 44 NY2d 584, 589-590), "[s]uch an arrangement may be ordered * * * where both parties are fit and loving parents, possess a desire to share in the upbringing of their child[ ] and have demonstrated a willingness and ability to set aside their personal differences and work together for the good of their child[ ]" (*Palmer v Palmer*, 223 AD2d 944, 945; *see, Juneau v Juneau*, 206 AD2d 647, 648).

Applying this standard to the matter before us, we cannot say that Family Court's award of joint custody lacks a sound and substantial basis in the record (*see generally, Cochran v Cochran*, 177 AD2d 818, 819). To be sure, the record reflects

that the parties have somewhat different parenting styles and that these differences have occasionally led to disputes regarding certain aspects of Andrew's upbringing. Additionally, it is readily apparent that, from time to time, each party has attempted to gain the upper hand and establish himself or herself as the primary parent. It is equally apparent, however, that petitioner and respondent, each of whom has demonstrated a willingness and ability to foster Andrew's relationship with the other, truly want what is best for their child and, ultimately, have been able to work together in a cooperative fashion toward that end (see, *Palmer v Palmer, supra,* at 945). Such proof, coupled with the recommendations of the Law Guardian and the certified social worker who evaluated the parties, supports Family Court's award of joint custody, particularly in view of the fact that the court ordered the parties to enroll in further counseling to improve communications between them.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.