■ CAROL AMARA, Respondent, v RAYMOND C. AMARA, Appellant. [662 NYS2d 595] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Kitson, J.), entered March 14, 1996, as (1) awarded the plaintiff former wife the sum of $1,259.02 per month for her share of the defendant's pension benefit, (2) in effect, denied his motion for downward modification of his pendente lite child support obligation, (3) awarded the plaintiff former wife the sum of $6,495 as her share of the net profits from certain rental property, and (4) awarded the plaintiff former wife counsel fees.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The trial court awarded the plaintiff her proper share of the defendant's pension (*see, Majauskas v Majauskas*, 61 NY2d 481). Although the defendant's disability was the event that triggered his retirement, it was established at trial that the pension was a length-of-service pension and was in no part designed to compensate the defendant for his disability (*cf., Dolan v Dolan*, 78 NY2d 463). The court properly did not award the plaintiff any part of the defendant's additional income, which was a "long-term disability" benefit.

Contrary to the defendant's contention, the trial court properly excluded hearsay documents proffered by him in an attempt to establish a different valuation for the pension (*see*, Richardson, Evidence §§ 8-101, 8-102 [Farrell 11th ed]).

The court did not improvidently exercise its discretion by, in effect, denying the defendant's motion for a downward modification of pendente lite child support. Although the defendant's financial situation did change one day after the making of the pendente lite order, when he left work on disability retirement, the court correctly found that since the defendant's long-term

disability benefit was nontaxable, the disparity between the defendant's working and retirement incomes was not so great as to render the pendente lite order unreasonable under the circumstances.

The trial court did not improperly value the rental income received by the defendant nor the plaintiff's share thereof. The trial court's determination with regard to matters of credibility is entitled to great deference and is not lightly disturbed (*see, e.g., Tayar v Tayar*, 208 AD2d 609; *Verrilli v Verrilli*, 172 AD2d 990). The court was aware of the defendant's contention that he received far less rental income per year in 1994 and 1995 than he received in 1989. Although the defendant introduced into evidence without objection a schedule of rents received, the plaintiff contested the amount claimed in the schedule, and the defendant provided no further documentation therefor. The parties, did however agree that the figures cited by the plaintiff for the rents received in 1989 were accurate. The court apparently found the defendant's report of his rental income incredible and chose to apply the 1989 values, which were not properly rebutted by the defendant (*see, Verrilli v Verrilli, supra*). We see no reason to disturb this exercise of discretion on appeal.

The trial court properly awarded counsel fees to the plaintiff (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879; *Linda R. v Richard E.*, 176 AD2d 312). O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.