■ MARIAN WILSON, Respondent, v DONALD WILSON, Appellant. [672 NYS2d 749] —In a matrimonial action in which the parties were divorced by judgment entered February 5, 1996, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated March 24, 1997, as denied those branches of his cross motion which were to appoint a receiver to sell the parties' former marital residence, to direct the plaintiff to pay one-half of the parties' marital debt extant as of the date of the judgment of divorce, to direct the plaintiff to pay him one-half of any rental income received by her from the marital residence from January 1996 to the present, and to incorporate a clause in the judgment of divorce barring the plaintiff from removing the children outside of a 25-mile radius from the marital residence.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's cross motion which were to direct the plaintiff to pay one-half of the parties' marital debt extant as of the date of the judgment of divorce and to pay the defendant one-half of any rental income received by her from the marital residence from January 1996 to the present and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without

costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the proper amount of marital debt and rental income, if any, owed by the plaintiff to the defendant.

Pursuant to the judgment of divorce entered February 5, 1996, the marital residence was to be sold and the net equity shared by the parties after discharge of the marital debt. Since the payment of the marital debt was to be shared equally between the parties, the trial court improperly denied that branch of the defendant's cross motion which was to direct the plaintiff to pay one-half of the parties' marital debt extant as of the date of judgment of divorce. A hearing is required, however, to determine the amount of marital debt that was extant as of the date of the judgment of divorce. Similarly, the defendant is entitled to share the rental income derived from the marital residence (*cf., Amara v Amara,* 243 AD2d 433), and a hearing is required to determine the amount of rental income, if any, received by the plaintiff from the marital residence from January 1996 to the present.

The defendant's remaining contentions are without merit. Miller, J. P., Joy, Friedmann and McGinity, JJ., concur.