■ In the Matter of JOHANYS M., Respondent, v EDDY A., Appellant. [982 NYS2d 30]—

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about May 17, 2013, which, to the extent appealed from as limited by the briefs, awarded sole custody of the subject child to petitioner mother, unanimously reversed, on the facts, without costs, and the parties are awarded joint custody of the child, with petitioner having primary physical custody.

The referee found that the parties had a similar ability to provide for the child financially, that there was no difference in the emotional bonds that they each had established with the child, and that the child had essentially spent an equal amount of time with each party. Nevertheless, it awarded custody to

petitioner on the grounds that she no longer worked outside the home and thus was "fully available" to care for the child (and a newborn), while respondent worked outside the home, and that respondent's testimony about petitioner was less than fully credible because it was "globally negative."

We find, to the contrary, that the record demonstrates that it is in the best interests of the child for the parties to have joint legal custody (see *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). As the referee noted, sharing physical custody was no longer feasible because the parties resided in different boroughs, and the child was starting school. However, there is no evidence that the parties' relationship was characterized by acrimony or mistrust (see *Lubit v Lubit*, 65 AD3d 954 [1st Dept 2009], *lv denied* 13 NY3d 716 [2010], *cert denied* 560 US 940 [2010]). Over the course of the child's life, the parties have been able to resolve any visitation or custody disputes between themselves, and they appear to have been in accord with respect to the child's best interests, despite their failure to communicate directly with each other. Respondent should not be deprived of a decision-making role in the child's life because he is unable to care for the child full time. The record shows that he has a strong interest and plays an active role in the child's life, including aggressively seeking out necessary services to foster the child's development, and that he arranged for child care while he worked. Although respondent's testimony may have painted an unfairly negative picture of petitioner, there is no evidence that he has disparaged her in the presence of the child, and the record shows that his concern for the child's welfare is paramount. Concur—Gonzalez, P.J., Tom, Friedman, Andrias and Saxe, JJ.