Matter of Kevin A.G. v Samantha T. (2020 NY Slip Op 07670)





Matter of Kevin A.G. v Samantha T.


2020 NY Slip Op 07670


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Docket No. V-24845/17, V-26349/17 Appeal No. 12673 Case No. 2019-0922 

[*1]In the Matter of Kevin A.G., Petitioner-Respondent,
v
Samantha T., Respondent-Appellant,


Samantha T., appellant pro se.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the children.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about November 26, 2018, which, inter alia, upon a fact-finding determination, awarded joint physical and legal custody of the subject children to the parents and denied respondent mother's application to relocate with the children to Florida, unanimously affirmed, without costs.
A sound and substantial basis supports the determination that the children's best interests are met by the award of joint legal and physical custody (see Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]). The court considered the appropriate factors, and determined that the parties had conducted themselves with civility toward one another, reached compromises regarding visitation schedules, and generally set aside personal feelings for the sake of the children (see Matter of Johanys M. v Eddy A., 115 AD3d 460 [1st Dept 2014]; Juneau v Juneau, 206 AD2d 647 [3d Dept 1994]). The record does not reflect that there had been any disputes between the parties over any major issue concerning the children, or that the parties' relationship was marked by such acrimony or mistrust that joint custody would not be a viable option (compare Lubit v Lubit, 65 AD3d 954 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]).
The court's denial of the mother's request for permission to relocate to Florida has a sound and substantial basis in the record as being in the best interests of the children (see Matter of Tropea v Tropea, 87 NY2d 727, 739-741 [1996]; Matter of David J.B. v Monique H., 52 AD3d 414 [1st Dept 2008]). The mother failed to establish that the children's education would be improved by the move, as they were already doing well in their local schools. Moreover, the father and mother currently share time equally, and a relocation to Florida would negatively impact the father's time and meaningful relationship with the children, as well as the children's close relationships with extended family. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020