■ V. Vincent Lee, Appellant, v Christine A. Halayko, Respondent.—Order unanimously affirmed without costs. Memorandum: The parties were married on April 12, 1987, and their son, Elliott, was born on December 17, 1987. The three lived together in the home previously owned by defendant mother in Watervliet until the fall of 1988, when plaintiff father was transferred to Batavia. The parties agreed that plaintiff would move to the Batavia area and that defendant would join him permanently in the summer of 1991, when she would have completed 20 years of service as a school librarian and be eligible for retirement. Elliott remained with defendant and plaintiff spent weekends with them in Watervliet. Defendant and Elliott spent holidays and summers with plaintiff in LeRoy, where plaintiff had purchased a home. In December 1989, when defendant was due to deliver their second child, plaintiff took Elliott to LeRoy to give defendant the opportunity to recuperate. The parties' daughter, Devin, was born on January 14, 1990. The parties began to have marital difficulties in the spring of 1990, which continued throughout the summer. In November 1990, plaintiff filed for divorce. Elliott continued to live with plaintiff and Devin with defendant.

A trial on the issue of custody was held, following which Supreme Court granted joint custody with physical custody to defendant. The court found both parties to be fit parents, but found that defendant was more stable and that her work schedule would allow her to spend more time during the week, on weekends, holidays, and the entire summer vacation with the children, while plaintiff's work schedule required that the children spend more time in day care. The court decided not to continue the present custody arrangement, holding that it was important for siblings to be raised together. Finally, the court found that defendant would be more willing to provide plaintiff with visitation than plaintiff would be if the children lived with him.

We conclude that Supreme Court's custody determination is supported by the record and should not be disturbed. Contrary to plaintiff's contention, Supreme Court did take into consideration that the children are bi-racial. Defendant testified about the plans to build a Chinese cultural center in her community and that she wanted the children to learn the Chinese language. The evidence supports a conclusion that defendant would not deny the children their bi-racial identity (cf., Raysor v Gabbey, 57 AD2d 437).

We reject plaintiff's argument that reversal of the custody order is required because the court did not order home studies, psychological evaluations, or appoint Law Guardians for the children. Neither party requested home studies or psychological evaluations and we do not find a basis on this record for holding that the court should have ordered them *sua sponte*. The parties are both intelligent, well-educated people, with no history of psychological problems. Moreover, neither party questioned the suitability of either home for raising children, and numerous photographs depicting both homes were submitted to the court.

The determination whether to appoint a Law Guardian rests within the sound discretion of the court. "There is no requirement that the court invariably appoint a Law Guardian for the child in every case where parents who are unmarried, divorced or separated, seek a judicial determination of child custody and there is no indication that the child's interests were prejudiced in any way" *(Richard D. v Wendy P.,* 47 NY2d 943, 944-945). Considering the tender ages of the children, two and four at the time of trial, and the absence of demonstrable prejudice, we conclude that the failure of the court to appoint Law Guardians does not require reversal.

We disagree with plaintiff's further contention that Supreme Court placed undue emphasis on the importance of siblings being raised together. The separation of siblings is an important factor for the court's consideration *(Eschbach v Eschbach,* 56 NY2d 167, 173; *see also, Klat v Klat,* 176 AD2d 922, 923-924; *Bistany v Bistany,* 66 AD2d 1026), and split custody is proper when "the best interests of each child lies with a different parent" *(Wurm v Wurm,* 87 AD2d 590, 591, *appeal dismissed* 56 NY2d 886; *see also, Klat v Klat, supra,* at 924; *Bilodeau v Bilodeau,* 161 AD2d 906, 907). This is not such a case. We have examined plaintiff's remaining arguments and find them to be without merit. (Appeal from Order of Supreme Court, Genesee County, Graney, J.—Custody.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.