■ JOHN X., Appellant, v MONA X., Respondent. [614 NYS2d 597] —White, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered February 10, 1993, which, upon referral of the matter from Supreme Court, directed that defendant be awarded temporary custody of the parties' children.

Following an eight-day hearing at which 28 witnesses testified, Family Court, by order dated December 18, 1991, awarded temporary custody of the parties' two daughters, Hannah, age four, and Abigail, age one, to defendant with liberal visitation to plaintiff. In September 1992, plaintiff sought modification of Family Court's order principally on the basis that the sexually aggressive behavior of Sabrina, defendant's 14-year-old daughter from a prior marriage who is afflicted with Down's syndrome, poses a threat to the safety of Hannah and Abigail. After a four-day hearing, Family Court continued temporary custody with defendant with certain conditions. This appeal by plaintiff ensued.

In appeals involving custody determinations, we accord great respect to the finding of the trial court since such determinations depend to a very great extent upon the court's assessment of the credibility of the witnesses and of the character, temperament and sincerity of the parties, and we will not disturb such findings unless they lack a sound and substantial basis in the record (see, Matter of Daniel R. v Noel R., 195 AD2d 704, 706; Kuncman v Kuncman, 188 AD2d 517, 518). Plaintiff urges us not to defer to Family Court in this instance because he claims several of its evidentiary rulings foreclosed the development of a complete record, thereby rendering its determination deficient because it is not based, as it should be, on the totality of the circumstances (see, Matter of Lobo v Muttee, 196 AD2d 585, 587).

Plaintiff's principal argument on this point stems from his unsuccessful attempt to introduce into evidence a certain medical report from Strong Memorial Hospital in the City of Rochester, Monroe County concerning an examination of Sabrina for sexual abuse. We disagree with plaintiff that the exclusion of this report adversely affected the record since Family Court allowed extensive testimony regarding the circumstances surrounding the preparation of the report and permitted the report to be used to refresh defendant's recollection, all of which led to the revelation of the information

contained in the record regarding Sabrina's alleged sexual abuse of Hannah. We further find that Family Court properly limited Michael Mandeville's testimony on the grounds of hearsay. Lastly, while plaintiff complains in his brief about Family Court's refusal to allow him to cross-examine Hannah's and Sabrina's psychologist regarding a report of another psychologist, there is no indication in the record that plaintiff's counsel ever attempted to conduct such cross-examination. Accordingly, we conclude that Family Court's determination was predicated upon a complete record.

We share plaintiff's concern regarding defendant allowing Sabrina and Hannah to share a bedroom in light of her knowledge of Sabrina's sexually aggressive behavior. We also concur with Family Court's assessment that defendant exercised poor judgment in subjecting the children to excessive medical visits and in taking inappropriate photographs of them following visits with their father. Family Court, however, has alleviated our concerns by ordering defendant to maintain a separate bedroom for Sabrina, and also admonishing her to stop subjecting the children to unnecessary medical visits and to cease taking inappropriate photographs of them.

Having taken such action, we conclude that Family Court's determination has a solid and substantial basis considering not only the testimony of Hannah's pediatrician that Hannah never revealed any information concerning sexual abuse to her, but also the statement by Hannah's psychologist that Hannah neither showed any fear of Sabrina nor disclosed that Sabrina had acted in a sexually inappropriate manner toward her. There is also evidence in the record from defendant's psychiatrist that in his opinion defendant is a caring and loving mother and competent parent.

We are further disinclined to disturb Family Court's determination since we have been advised that this divorce action is presently being tried before Supreme Court, thereby providing the parties with an immediate forum for the resolution of this custody issue.

For these reasons, we affirm.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.