■ In the Matter of COLLEEN T. CHURCH, Appellant, v MALCOLM O. CHURCH, Respondent. [656 ·NYS2d 416] —Spain, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered October 20, 1995, which, in a proceeding pursuant to Family Court Act article 6, *inter alia*, awarded sole legal custody of the parties' child to respondent.

The parties were married in 1991 and have a son, Alexander, who was born in April 1993. The parties separated in January 1995. Petitioner filed for custody in March 1995 and filed an amended petition in April 1995, contending that since the child's birth she has been the primary caretaker and feels that she is better equipped to be the custodial parent. In the interim, respondent cross-petitioned for custody. Following a full hearing, Family Court found that while both parties exhibited adequate parenting skills it would be in the best interest of the child that sole legal custody be granted to respondent. Family Court outlined several factors that served as the basis of its decision, including petitioner's unemployment, her regular weekend drinking outings after reaching the age of 21, her admitted extramarital affair, and evidence presented as to the unsanitary conditions in which petitioner and her son resided. Petitioner appeals.

We affirm. The governing standard in child custody proceedings is a consideration of the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *see also, Matter of De Losh v De Losh*, 235 AD2d 851, 852; *Matter of Coles v Bailey*, 229 AD2d 685, 686). Further, relevant factors in determining a child's best interest include "the quality of the parents' respective home environments, the length of time that the present custody arrangement has been in place and each parent's past performance, relative fitness, and ability to guide and provide for the child's intellectual and emotional development" (*Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779; *see, Matter of Irwin v Neyland*, 213 AD2d 773, 774). We are also guided by the principle that the factual findings of Family Court are afforded great deference on appeal (*see, Matter of De Losh v De Losh, supra*, at 853; *Matter of Kamholtz v Kovary*, 210 AD2d 813, 814) and will not be disturbed if based upon a sound and substantial basis in the record (*see, Matter of Copeland v Copeland*, 232 AD2d 822, 824, *lv denied* 89 NY2d 806; *Matter of Bogert v Rickard*, 199 AD2d 587, 588).

Here, the record reflects that sometime in August 1994, the

parties separated for a couple of days because petitioner, by her own admission, had an adulterous affair and that at some point in January 1995, a more significant separation occurred when respondent moved out of the marital home. On March 6, 1995, respondent arrived at the former marital residence to drop off some clean laundry for petitioner and the child. Respondent testified that he observed petitioner getting dressed and her paramour in her bedroom getting dressed while the child was sitting in the adjacent hallway. Petitioner denied that she was engaged in any sexual activity in the presence of her son, stating that she and her paramour were merely cleaning her bedroom; however, she candidly admitted that she recognizes that the child may have been confused about the fact that another adult male, other than respondent, was staying overnight. The record also reveals that when petitioner moved to a new apartment she did not notify respondent, his parents or her parents of her or the child's whereabouts for approximately two weeks. Further testimony indicated that petitioner's new apartment was unwholesome, i.e., dirty dishes, garbage, animal feces and cockroach problems; pictures introduced into evidence illustrate that her former apartment's deplorable condition rendered it equally unsuitable for the child.

In our view Family Court's credibility determination in favor of respondent should not be disturbed (see, Matter of Lumbert v Lumbert, 229 AD2d 683, 684). The record supports the conclusion that petitioner put her own interests ahead of those of the child.

Finally, we note that no Law Guardian was appointed to represent the child. Although failure to do so under the circumstances of this case does not require reversal (see, Matter of Scalia v Scalia, 217 AD2d 780, 782), we would be remiss in not recognizing the significant role a Law Guardian serves in child custody cases. When appointed and given the opportunity to make an investigation and make a recommendation for the record, Law Guardians offer "relevant and important insights" (Matter of Moon v Moon, 120 AD2d 839, 840); we urge their appointment in contested proceedings of this nature.

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.