■ JOANNE JUNEAU, Appellant, v ALFRED J. JUNEAU, Respondent. [659 NYS2d 113] —Yesawich Jr., J. Appeal from that part of an order of the Family Court of Albany County (Tobin, J.), entered March 1, 1995, which, upon referral of the matter from Supreme Court, awarded legal and physical custody of the parties' children to defendant.

The parties' judgment of divorce, entered in April 1993, awarded sole custody of their two daughters to defendant, with plaintiff having regular visitation. In November of that year, plaintiff moved in Supreme Court for sole custody, alleging that defendant had violated the custody provisions of the divorce decree by refusing to allow her to exercise her visitation rights in July 1993. Defendant opposed the motion and sought, *inter alia*, to have the matter transferred to Family Court. The transfer was granted, insofar as relevant here, but while the matter was pending this Court modified the judgment of divorce by awarding the parties joint legal custody of the children (*see, Juneau v Juneau*, 206 AD2d 647), with defendant to continue as the girls' primary physical custodian.

Thereafter plaintiff, proceeding by order to show cause, charged that defendant had violated the joint custody order. Following a hearing, Family Court found that defendant had willfully denied plaintiff visitation and had breached the joint custody arrangement by placing the children in a private school without her consent; he was fined a total of $500 for the two violations. The court decided, nevertheless, that while joint custody had proved unworkable, the children's interests would be best served by continuing their established living arrangements. Defendant was awarded sole legal and physical custody, with plaintiff to have increased visitation. Plaintiff appeals.

As a preliminary matter, we reject defendant's contention that the issues raised herein have been rendered moot. Plaintiff's consent to the entry of a modified order, which made minor changes to some of the details implementing the order underlying this appeal, cannot fairly be interpreted as signaling her acquiescence with regard to the basic custody disposition set forth therein.

Plaintiff's contention that Family Court's custody determination lacks a sound and substantial basis in the record is unconvincing. Although interference with visitation can indeed constitute sufficient basis for a finding that the custodial par-

ent is unfit to continue in that role, given the totality of the circumstances Family Court did not, in our view, inappropriately determine that defendant's violations were insufficiently egregious to warrant a change of custody (*see, Matter of Buhrmeister v McFarland*, 235 AD2d 846, 848; *Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1024-1025).

As for plaintiff's assertion that Family Court assigned undue weight to the recommendation of the children's Law Guardian, and to the testimony of the psychologist engaged by defendant, that claim is belied by the court's comprehensive decision, which reflects "a careful and studied review of all the relevant factors" (*Eschbach v Eschbach*, 56 NY2d 167, 174; *see, Matter of King v King*, 225 AD2d 819, 821, *lv denied* 88 NY2d 806). And, though petitioner cavils about the court's findings with respect to defendant's ability to provide for the children's physical, intellectual and emotional needs, and its concerns about plaintiff's abilities in this regard, these finding have ample support in the record. Moreover, the children are doing well in their current living situation and have managed to overcome the difficulties they initially experienced as a result of their parents' acrimonious divorce. Under these circumstances, Family Court was justified in concluding that the children's welfare would not be substantially enhanced by a change in custody, and that such a change would, in fact, be detrimental, as it would create additional, and unnecessary, stress, anxiety and disruption in their lives (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *Pawelski v Buchholtz*, 91 AD2d 1200, 1201). In short, we find no reason to disturb Family Court's decision (*see, Matter of Clark v Williams*, 229 AD2d 686, 687-688).*

Plaintiff's remaining argument, that Family Court wrongly refused to reduce her child support obligation in view of the extent of her visitation with the children, which she contends results in her having physical custody "50% of the time", is unpersuasive. Notably, the record is devoid of evidence establishing that plaintiff will incur extraordinary expenses as a result of the visitation schedule, or that her expenditures will substantially reduce the costs defendant must bear as custodial parent. Accordingly, Family Court did not err in failing to adjust child support as requested by plaintiff (*see,* Family Ct Act § 413 [1] [f] [9]).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered

---

* In reaching this conclusion, we have not considered exhibits C and D to the Law Guardian's brief, which constitute neither argument of appellate counsel nor evidentiary material that was part of the record before Family Court.

that the motion to dismiss the appeal as moot is denied. Ordered that the order is affirmed, without costs.