■ In the Matter of LEE A. DONATO, Respondent, v ROBERT T. McLAUGHLIN, Appellant. [672 NYS2d 467] —White, J. Appeal from an order of the Family Court of Albany County (Tepedino, J.H.O.), entered December 13, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

The parties, who were never married, commenced a relationship in 1990 and had a son in 1991. Thereafter, they lived as a family unit until September 1994 when petitioner, with the child, left respondent's house in the Town of Hague, Warren County, and moved to Albany County. In October 1995, petitioner filed a petition in Family Court, pursuant to Family Court Act article 6, seeking sole custody of the child. Following a trial spanning five days, Family Court awarded petitioner sole custody with certain visitation rights to respondent, who now appeals.

In a custody proceeding, Family Court must predicate its determination on what it finds to be the best interests of the child (see, Eschbach v Eschbach, 56 NY2d 167, 171). To fulfill this responsibility, Family Court must assess all relevant factors, " 'including the quality of the parents' respective home environments, the length of time that the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development' " (Matter of De Losh v De Losh, 235 AD2d 851, 852, lv denied 89 NY2d 813, quoting Matter of Alice A. v Joshua B., 232 AD2d 777, 779). Inasmuch as Family Court is in the best position to evaluate the testimony, character and demeanor of the parties, we give deference to its findings and will not disturb them unless they lack a sound and substantial basis in the record (see, Matter of Machukas v Wagner, 246 AD2d 840, 841-842; Matter of Denise AA. v David AA., 237 AD2d 680, 682).

Here, Family Court was confronted with a difficult decision since both parties agreed that the other was an adequate and loving parent. In the end, Family Court determined that it would be in the child's best interests to award petitioner custody, thereby maintaining a stable environment for the child, a resolution with which the Law Guardian and court-appointed psychologist concurred. In our view, Family Court's finding is soundly and substantially based upon the record since petitioner, with respondent's apparent consent, has been the child's primary caregiver since birth, providing an environment in which the child appears to be thriving (see, Matter of Scalia v Scalia, 217 AD2d 780). Accordingly, we conclude that

there is no reason to disturb Family Court's custody determination. With regard to visitation, the Law Guardian and psychologist recommended that respondent be afforded significant periods of time with the child. Consistent with these recommendations, we shall modify Family Court's visitation schedule by increasing respondent's summer visitation period to four weeks and directing that he have visitation during alternate school vacation periods (see, Colley v Colley, 200 AD2d 839, 841).

Besides challenging Family Court's determination on substantive grounds, respondent has expended considerable effort in his brief in illuminating alleged evidentiary errors committed by Family Court. We have carefully reviewed respondent's contentions of alleged error and are not persuaded that Family Court's rulings, singly or cumulatively, amount to an abuse of discretion, particularly as none of the rulings unduly prejudiced respondent (see, Feldsberg v Nitschke, 49 NY2d 636, 643-646). Finally, respondent's claim that Family Court and the Law Guardian were biased is totally unfounded (see, Matter of Tracey v Tracey, 235 AD2d 838).

Cardona, P. J., Mikoll, Crew III and Carpinello, JJ., concur. Ordered that the order is modified, on the facts, without costs, by amending the visitation schedule to increase respondent's summer visitation with the child to four weeks and directing that respondent have visitation during alternate school vacation periods, and, as so modified, affirmed.