■ In the Matter of EDWARD FARNHAM, Respondent, v BRYNDA FARNHAM, Appellant. [675 NYS2d 244] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered February 28, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties were married in June 1983 and have two children, born in 1991 and 1993. The parties separated in February 1996 when respondent vacated the marital residence. Both parties petitioned for custody and petitioner filed an order to show cause requesting temporary custody. Shortly thereafter the parties agreed to withdraw their petitions and unsuccessfully attempted to resolve their differences through a local alternative dispute resolution center. Petitioner then filed a new petition and an order to show cause, requesting temporary

---

custody and alleging that respondent had taken the children for a visit and not returned with them. Respondent answered and cross-petitioned for custody. In November 1996, Family Court held an interim hearing, awarded temporary joint custody to the parties with primary physical custody to petitioner and liberal visitation to respondent. In February 1997, Family Court held a full fact-finding hearing, awarded custody to petitioner and granted respondent visitation. Respondent appeals.

We affirm. The overriding concern in any custody determination is the best interests of the children (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Donato v McLaughlin*, 249 AD2d 859). Among the factors a court can consider in making such determination are the relative stability and financial situation of the respective parents; each parent's fitness and ability to provide for and guide the children's intellectual and emotional development; and the quality of the home environment (*see, Matter of Yelverton v Stokes*, 247 AD2d 719, 720, *lv denied* 92 NY2d 802; *Matter of Saunders v Saunders*, 60 AD2d 701). While the decision must have a sound and substantial basis in the record (*see, Matter of Morgan v Becker*, 245 AD2d 889), deference is afforded to Family Court's findings because it is in the best position to evaluate the "testimony, character and sincerity of all the parties involved in this type of dispute" (*Eschbach v Eschbach, supra*, at 173; *see, Matter of Blair v Blair*, 243 AD2d 758, *lv denied* 91 NY2d 804).

Here, the testimony adduced at the fact-finding hearing indicates that, except for a few short periods when respondent took the children to her mother's home, the children resided in the marital residence, the only home they ever knew, surrounded by extended family. Petitioner testified that he was employed by the same employer for 11 years and continuously resided in the marital residence which the parties had owned for approximately 15 years. The record also reveals that petitioner was prudent in his financial affairs, was an involved caregiver and took an active role in all aspects of the children's lives.

In contrast, respondent lived in a volatile situation with a man with severe emotional problems. She traveled at her leisure leaving petitioner alone to parent the children and she left her job, ostensibly to have more time with her children, yet provided no evidence that she ever asked her employer whether she could switch shifts before quitting. Further, respondent depleted her retirement to support herself and her paramour, who remained unemployed. Based on our full review of the rec-

ord herein, we conclude that there is a sound and substantial basis for the award of custody to petitioner and that Family Court's decision is in the best interests of the children.

In view of the strong evidence supporting the award of custody to petitioner, Family Court's failure to appoint a Law Guardian for the children does not warrant a reversal (*see, Richard D. v Wendy P.*, 47 NY2d 943, 944; *Matter of Church v Church*, 238 AD2d 677, 678; *Matter of Scalia v Scalia*, 217 AD2d 780, 782; *Lee v Halayko*, 187 AD2d 1001, 1002). However, we must emphasize the contributions competent Law Guardians routinely make in contested matters; they not only protect the interests of the children they represent, they can be valuable resources to the trial court (*see, Matter of Church v Church, supra*).

Next, we reject respondent's contention that Family Court erred by not ordering a forensic evaluation or home studies. A trial court's decision with respect to the need for a forensic mental health evaluation is discretionary (*see,* Family Ct Act § 251; *Matter of Smith v Kalman*, 235 AD2d 848, 849), as is its decision with respect to whether to order home studies (*see, Lee v Halayko, supra*, at 1002; *Matter of Jennie EE.*, 187 AD2d 877, 879, *lv denied* 81 NY2d 706). Here, neither party requested these reports and nothing in the record provides a basis for concluding that the court should have ordered them *sua sponte*.

We also reject respondent's contention that Family Court erred in failing to interview the children. The decision with respect to the need for such an interview also lies within the trial court's discretion (*see, Matter of Lincoln v Lincoln*, 24 NY2d 270, 272, 273-274; *Matter of Mitchell v Mitchell*, 209 AD2d 845, 847). Here, we find no abuse of discretion especially considering the young ages of the children, who were three and five years old at the time of the hearing (*see, Matter of Mitchell v Mitchell, supra; Matter of McGrath v Collins*, 202 AD2d 719, 720).

We have reviewed respondent's remaining contentions, including her claim of ineffective assistance of counsel, and find them lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.