■ In the Matter of SHAWN MORGAN, Appellant, v GLENN MORGAN, Respondent. [689 NYS2d 741] —Peters, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 12, 1998, which granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

In August 1996, petitioner and respondent entered into a separation agreement providing for, *inter alia*, joint legal custody of their son (born in 1990). Their judgment of divorce, dated August 23, 1996, which failed to incorporate the separation agreement into the decree, referred all future issues concerning his custody to Family Court. The child had been residing with petitioner until the fall of 1997 when he moved in with respondent. On December 1, 1997, petitioner commenced a Family Court proceeding seeking sole custody, prompting respondent's cross petition for the same relief.

At the conclusion of a two-day fact-finding hearing, Family Court determined that it was in the best interest of the child that sole legal and physical custody be granted to respondent with scheduled visitation to petitioner. Petitioner now appeals the determination of custody and alleges, as error, that, without having been qualified as an expert, respondent should not have been permitted to testify as to petitioner's prior medical and psychological history. She further contends that the

court erred in permitting testimony concerning her history of intrafamilial sexual abuse and that testimony concerning her bulimia was irrelevant.

It is axiomatic that as to a child's custody, agreements reached between the parties are merely factors to be weighed in deciding whether a change of custody is appropriate (*see, Eschbach v Eschbach*, 56 NY2d 167). In any custody proceeding, "[t]he standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95). Mindful of the traditional deference accorded Family Court's findings due, *inter alia*, to its opportunity to view and assess the witnesses' credibility, we are bound not to disturb such determination if it is supported by a sound and substantial basis in the record (*see, Eschbach v Eschbach, supra; Matter of Donato v McLaughlin*, 249 AD2d 859).

Our review of the trial evidence revealed that after the parties' divorce, their son resided primarily with petitioner, who was attending school, working and receiving support from respondent. Respondent, busy traveling for work, was not physically or emotionally available to him on a consistent basis. Petitioner contends that respondent ultimately deceived her into the current change of custody when, in August 1997, they discussed their reconciliation. Upon that premise, she agreed that the child could reside with respondent to begin the school year in his school district and that she would follow after providing, *inter alia*, notice to her landlord. The child therefore began living with respondent and attending school in the school district where respondent resided. However, upon returning with the child from what was intended to be a family vacation until respondent reneged, petitioner discovered that respondent no longer sought their reunion. She purportedly requested that the child return to her care but respondent refused.

Notably, petitioner's custody petition was not filed until December 1997, precipitated by an incident of physical violence occurring between them when respondent came to pick up the child at petitioner's home on November 29, 1997. According to petitioner, she was attacked by respondent and had to defend herself by scratching his face and attempting to kick him in the groin. Later, she admitted attacking him as he descended the stairs. Respondent contended that he had left several messages on petitioner's answering machine regarding the time of pickup on that day since a dinner was scheduled at his mother's home. When he arrived at petitioner's home at 2:00 P.M., she was still sleeping. As he was preparing his son to leave, she

asked him for rent money and he refused. Enraged, she threatened to prevent him from taking their child and proceeded to jump on him. According to respondent, she kept attacking him until he was forced to pin her down by the throat.

Additional trial testimony was taken from the parties as well as from their paramours, friends and relatives. Petitioner testified as to her lifestyle, living arrangements and past history of sexual abuse and bulimia. She impugned respondent's character by testimony alleging that he carried a loaded handgun, allowed the child to ride a motorcycle, choked her in front of the child during the precipitating incident and made sexual advances toward her sister. Respondent similarly testified as to his lifestyle and living arrangements, and amplified the accommodations made by him to properly care for his son. He further detailed his medical history which included his battle for recovery from testicular cancer.

Without the benefit of forensic evaluations or home studies, Family Court assessed the parties' past and present parenting practices, their home environments, relative fitness, ability to provide guidance to the child to insure his proper intellectual and emotional development, as well as their understanding of his educational needs. While the court further considered not only petitioner's bulimic history but also her past sexual abuse, it likewise considered respondent's medical problems. As none of these factors were deemed determinative, and since petitioner first testified as to her background, we find no error in the admission of respondent's testimony concerning petitioner's past for the court's consideration in this initial application for custody (*compare*, *Matter of Risman v Linke*, 235 AD2d 861). Further considering and concluding that respondent was able to provide the most stable environment for this child, that he had grown to become an attentive caregiver, that the child had been excelling educationally and that joint custody was not a viable option given the animosity between the parties, we find that Family Court properly considered all relevant factors and that a sound and substantial basis exists in the record to support its determination (*see, Eschbach v Eschbach, supra; Matter of Donato v McLaughlin, supra*).

For these reasons, we find no merit to petitioner's contentions of error and hereby affirm the determination of Family Court in its entirety.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.