■ In the Matter of WENDY J. WHITE, Appellant, v JEFFREY J. WHITE, SR., Respondent. [700 NYS2d 537] —Per Curiam. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered August 19, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent, the biological parents of Tanya (born in 1994), no longer reside together. By order of Family Court dated May 22, 1997, petitioner was granted sole custody, after a hearing, premised upon her role as the child's primary caretaker, respondent's abuse of drugs and alcohol as well as his physical abuse of petitioner in the presence of the child. Approximately one month later, petitioner relinquished physical custody of the child to respondent and went to work for a carnival. Despite his assurances to the contrary, respondent moved, in her absence, to modify the May 1997 order, resulting in a transfer of custody by default.

Although petitioner testified that she originally intended to work for the carnival on a short-term basis, her testimony revealed that when she learned of the default order she continued with the carnival until September 1997. Thereafter, she resided with her mother until December 1997, only to move in with respondent and the child until January 1998 when she left the

child again to move in with her sister. At the time of the hearing, she had moved in with Jeffrey Menzies, a third party with whom both respondent and petitioner had, in the past, abused illegal drugs and alcohol on a regular basis. Petitioner commenced this proceeding in June 1998 seeking a modification of the default order as well as unsupervised visitation pending the outcome of the proceeding. After a fact-finding hearing, petitioner was granted reasonable visitation outside of the residence or presence of Menzies, prompting this appeal.

Our predominant focus must be whether the custody determination can be found to be in the child's best interest (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Church v Church,* 238 AD2d 677). This involves a consideration of numerous factors which include "the quality of the respective parent's home environment, the length of time the present custody arrangement has been in effect and each parent's performance thereunder, as well as each parent's relative fitness and ability to guide and provide for the child's intellectual and emotional development" (*Matter of Machukas v Wagner,* 246 AD2d 840, 841, *lv denied* 91 NY2d 813; *see, Matter of De Losh v De Losh,* 235 AD2d 851, 852, *lv denied* 89 NY2d 813; *Matter of Guadagno v Guadagno,* 235 AD2d 854; *Matter of Alice A. v Joshua B.,* 232 AD2d 777, 779). Deference will be accorded to the factual findings made by Family Court (*see, Eschbach v Eschbach, supra*) unless lacking a sound and substantial basis in the record (*see, Matter of Jelenic v Jelenic,* 262 AD2d 676; *Matter of Morgan v Morgan,* 261 AD2d 725; *Matter of Farnham v Farnham,* 252 AD2d 675). The relief urged on appeal cannot result unless there has been "such a change in circumstances that modification of the arrangement is necessary to ensure the continued best interests of the child" (*Matter of Duffy v Duffy,* 260 AD2d 960).

Testimony revealed that petitioner continued to place her own interests over that of the child on a continuing basis. Her contact and visits with the child after her relinquishment of custody were sporadic; she was unable to secure a stable home environment and her decision to live with Menzies who, at the time of the hearing, was in jail for a parole violation after having been convicted of several crimes, including escape in the first degree, attempted robbery in the first degree and burglary in the third degree, exemplified her poor judgment. Respondent, while refusing her unsupervised visitation, arranged for visits or childcare to be provided by petitioner's family; although she was invited to participate, petitioner chose instead to spend her time with Menzies. Petitioner asserted that she planned to live with Menzies if custody were awarded to her.

While neither party is without blame (*see, Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1024) and the record supports petitioner's allegations that respondent interfered with her visitation rights, we cannot find such interference so "egregious to warrant a change of custody" (*Juneau v Juneau*, 240 AD2d 858, 859, *lv denied* 90 NY2d 812; *see, Matter of Muzzi v Muzzi*, *supra*). Notwithstanding petitioner's current employment, we find that respondent's stable employment, his integration of petitioner's family into the child's life, his procurement of necessary therapeutic assistance, as well as his commitment to the child's educational upbringing, constitutes the requisite sound and substantial basis to support the determination rendered.

Addressing the contention, squarely raised on appeal, concerning the wholesale restrictions placed on the Law Guardian, we note that despite her cross-examination of each witness who testified, she was not permitted to make an opening statement, summation or file a report. While we will not find these restrictions in this instance to be reversible error since sufficient facts exist to support the determination rendered, we do find it necessary to emphasize once again the critical role entrusted to a Law Guardian and the valuable contribution typically made to both the child and Family Court by competent representation (*see, Matter of Church v Church*, 238 AD2d 677, *supra*; *see also, Matter of Jamie EE.*, 249 AD2d 603, 605-606; *Matter of Machukas v Wagner*, 246 AD2d 840, 842, *supra*; *Matter of Baraby v Baraby*, 186 AD2d 890).

Clearly and unequivocally, it must be understood that a Law Guardian "must be afforded the *same opportunity as any other party to fully participate in a proceeding*" (*Matter of Machukas v Wagner, supra*, at 842 [emphasis supplied]). This vigilance is necessary because "counsel is often indispensable [*sic*] to a practical realization of due process of law and may be helpful in making reasoned determinations of fact and proper orders of disposition. * * * [M]inors * * * often require the assistance of counsel to help protect their interests and to help them express their wishes to the court" (Family Ct Act § 241).

As to any alleged error occasioned by Family Court's direction that "[t]he parties shall settle upon a specific order of visitation", we can find no merit. Notably, a stipulation and order was entered, signed by all parties, which clearly settled the issue pending this appeal. Upon our determination, we find no basis to disturb it.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.