■ ADA M. BURKUM, Appellant, v TIMOTHY M. BURKUM, Respondent. [708 NYS2d 734] —Mercure, J. Appeal from an order of the Supreme Court (Rogers, J.), entered November 2, 1998 in

St. Lawrence County, which, *inter alia*, awarded joint legal custody of the parties' children, with physical placement awarded to defendant.

The parties were previously married and are the parents of two children, a son born in 1986 and a daughter born in 1988. On this appeal, plaintiff challenges so much of Supreme Court's order of joint custody as provides for physical placement of the children with defendant or, at the very least, the provisions of the visitation schedule that prevent the children from attending religious functions with her. Notably, plaintiff raises no issue concerning the parties' relative fitness to act as primary custodian, but merely contends that the challenged determination arises out of Supreme Court's bias against plaintiff's religious practices as a Jehovah's Witness. We disagree and accordingly affirm.

Although the evidence adduced at the fact-finding hearing and Supreme Court's lengthy written decision addressed the Jehovah's Witness lifestyle and its impact on the children, the central bases for the award of primary physical custody to defendant were the stability of defendant's household, the children's clearly expressed wishes and the recommendation of the Law Guardian. Significantly, while defendant proposed to keep the children in their lifelong home, thereby insuring the continuity of the children's environs, lifestyle, pets, friends, school and recreational opportunities, plaintiff proposed to move the children to a trailer in a different community and school district. We conclude that Supreme Court properly based its determination on the best interests of the children (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Farnham v Farnham*, 252 AD2d 675, 676) and that plaintiff's religious preferences and practices were by no means determinative (*see, Matter of Gago v Acevedo*, 214 AD2d 565, 566, *lv denied* 86 NY2d 706). Accordingly, the determination has a sound and substantial basis in the record (*see, Matter of Farnham v Farnham, supra*).

As a final matter, we note that although the original custody schedule established by Supreme Court had the effect of depriving plaintiff of the opportunity to take the children with her to Sunday, Tuesday or Thursday religious services, defendant has offered liberal alternatives and, in fact, expressed his willingness to permit the children to attend these functions if they wish to do so.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.