■ In the Matter of JOSEPH G. EBEL, Appellant, v KIMBERLY K. URLICH, Respondent. [709 NYS2d 237] —Rose, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 24, 1999, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

In 1991 petitioner and respondent began cohabitating in a home owned by respondent. On November 23, 1994 they had a son. Thereafter, the parties' relationship deteriorated until September 1998, when respondent demanded that petitioner vacate respondent's residence. The following day, petitioner commenced this proceeding seeking sole custody of the child, joint custody or visitation amounting to a 50% splitting of time with the child. Respondent filed a cross application seeking sole custody.

Based on the testimony at a two-day custody hearing, Family Court concluded that, although both parties were fit parents, an award of sole custody to respondent was in the best interest of the child because she had been his primary caretaker throughout his life. Family Court also awarded petitioner visitation with the child, but not the equal time-share he had sought. Petitioner appeals.

It is well settled that in adjudicating custodial issues, the

court's paramount concern must be the best interest of the child (see, *Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Oseid v Daugherty*, 254 AD2d 600, 601). Relevant considerations to be reviewed include " 'the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development' " (*Matter of Brown v Skalwold*, 228 AD2d 749, 752, *lv dismissed* 89 NY2d 860, quoting *Matter of Perry v Perry*, 194 AD2d 837). Since Family Court's findings are accorded great deference due to its unique opportunity to assess the credibility and demeanor of the witnesses, they will not be set aside if they have a sound and substantial basis in the record and serve to promote the child's best interest (see, *Matter of Oldfield v Robinson*, 267 AD2d 530; *Matter of Oseid v Daugherty, supra; Matter of Perry v Perry, supra*).

A review of the record supports the conclusion that respondent has always been the primary caretaker of the child, she has provided greater stability generally in the child's upbringing, she has offered him a more stable home environment as she continued to reside where the child has lived since birth and, following the separation, she has adjusted her work schedule to be available for the child after day care. The record reflects that petitioner has often left the child with day care or a babysitter in the evening to pursue his own interests and regularly permitted the child to stay up very late on nights that respondent was working, requiring her to put him to bed after commuting home from Syracuse. Following the parties' separation, petitioner did not adjust his schedule to increase his time with the child and he missed opportunities to visit with his son. In these circumstances, we find that the record provides a sound basis to support Family Court's determination that the best interest of the child is promoted by an award of custody to respondent.

Petitioner argues that, in the absence of an award of sole custody to him, Family Court should have granted him an equal amount of time with the child, whether such a time-sharing is characterized as joint custody or visitation. However, joint custody, particularly with alternating physical residence, is only appropriate where both parties have demonstrated an ability to set aside their differences for their child's welfare (see, *Palmer v Palmer*, 223 AD2d 944, 945). Joint custody is inappropriate where the parties continue to be antagonistic and are unable to cooperate or communicate with one another (see, *Braiman v Braiman*, 44 NY2d 584, 589-590; *Matter of De Losh v De Losh*, 235 AD2d 851, 854, *lv denied* 89 NY2d 813).

Here, the record reveals petitioner's approach at the hearing to be confrontational and destructive toward respondent. Although Family Court did not credit petitioner's allegations, he sought to show that respondent "patently" lacked parenting skills, verbally and physically abused the child, and was seeking custody solely to receive child support. Petitioner involved the child in his efforts to discredit respondent, and he instigated a welfare fraud investigation against her. Petitioner's persistent efforts to inject negative, antagonistic and often irrelevant issues into the record are in sharp contrast to respondent's ability to concede that petitioner is a kind and loving parent, and has a loving relationship with his son. This contrast simply highlights petitioner's attitude toward respondent, and strongly suggests that he would be unable, at this point, to cooperate with her. These circumstances here lead us to conclude that joint custody would not have been in the child's best interest and that there is no basis for disturbing Family Court's award of sole custody to respondent with conventional visitation to petitioner.

Finally, despite petitioner's contention to the contrary, Family Court did not abuse its discretion in refusing to appoint a Law Guardian for the parties' child. Although always highly recommended and strongly encouraged, the appointment of a Law Guardian is a matter within Family Court's discretion (see, Matter of Walker v Tallman, 256 AD2d 1021, 1022, lv denied 93 NY2d 804; Matter of Church v Church, 238 AD2d 677, 678). Petitioner contends that the absence of a Law Guardian was particularly prejudicial here because Family Court's evidentiary rulings effectively prevented his counsel from establishing respondent's shortcomings. However, we conclude that in its rulings, Family Court acted within its discretion to prevent hearsay, irrelevant and cumulative evidence, and testimony without a proper foundation (see, John X. v Mona X., 206 AD2d 627). More importantly, we find that the testimonies of petitioner, respondent, the child's grandmother and day care provider afforded ample information for Family Court to make a determination despite the absence of a Law Guardian (see, id., at 628).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.