[711 NYS2d 663]

Michael Davis, Respondent, v Michele Davis, Appellant.

Fourth Department, July 7, 2000

APPEARANCES OF COUNSEL

*Kadish & Fiordaliso,* Buffalo (*Keith Irwin Kadish* of counsel), Law Guardian.

*Sharon A. Osgood,* Buffalo, for appellant.

*Siegel, Kelleher & Kahn,* Buffalo (*Kenneth A. Olena* of counsel), for respondent.

## OPINION OF THE COURT

HURLBUTT, J.

At issue before us on this appeal is whether Supreme Court erred in refusing to remove a Law Guardian who moved on behalf of the parties' children to modify the existing joint custody arrangement. The Law Guardian sought an award of sole custody to plaintiff father, who retained and paid for the services of the Law Guardian. We conclude that the Law Guardian is disqualified from so serving by an inherent conflict of interest. Thus, the order awarding plaintiff sole custody should be reversed, the motion to renew granted, and, upon renewal, the cross motion granted in part, the Law Guardian removed, and the matter remitted to a different Supreme Court Justice for the appointment of a new Law Guardian and further proceedings on the motion and cross motion for custody.

The underlying facts are as follows. The parties were divorced by judgment entered December 13, 1994. That judgment incorporated a stipulation providing, *inter alia*, that the parties would share custody and have equal time with their two children, born January 18, 1983, and April 17, 1990. Plaintiff subsequently moved to modify the shared custody schedule and the court appointed attorney Keith I. Kadish, Esq. as Law Guardian for the children in connection with that motion. The parties resolved plaintiff's motion by a stipulation rescheduling the previously ordered shared custody schedule. The stipulation was incorporated into an order, granted June 5, 1997, that modified the judgment of divorce accordingly.

It is undisputed that plaintiff contacted Kadish in the fall of 1997 and informed him that the children no longer wished to reside with defendant. After speaking with the children, Kadish informed plaintiff that he would "require a $1500 retainer to represent the children." Plaintiff paid Kadish $1,500 on March 18, 1998, and a retainer agreement was signed on May 19, 1998. By affidavit reciting his appointment as Law Guardian in the previous postjudgment modification application, Kadish sought and obtained an order, dated August 11, 1998, directing defendant to show cause why an order should be not be made, *inter alia*, modifying custody "from joint legal and physical custody to sole custody for the Plaintiff." Kadish did not disclose in his affidavit that plaintiff had retained him to represent the children.

Defendant cross-moved for sole custody and to remove Kadish as Law Guardian on the ground that he was biased in favor of plaintiff. Plaintiff subsequently moved on his own behalf for

sole custody,* asserting in a supporting affidavit that "[y]our Deponent freely admits to sending a check to Mr. Kadish in the amount of $1,500.00 during the Winter of 1997/98 as he was continuing to provide services and a needed outlet for my children, and it was unfair that he should do so without being compensated." He further asserted, "I have had minimal if any contact with Mr. Kadish other than sending him a fax or two with respect to certain incidents." By order dated September 29, 1998, the court denied defendant's cross motion insofar as it sought removal of Kadish as Law Guardian.

In October 1998 plaintiff paid an additional $1,500 to Kadish in anticipation of trial. After plaintiff testified at a deposition concerning the facts of his retention and payment of Kadish, defendant moved unsuccessfully to "reargue" that part of her cross motion seeking removal of Kadish as Law Guardian. The motion was actually one to renew because it was based upon newly discovered evidence (*see, Foley v Roche*, 68 AD2d 558, 567-568). The court denied that motion and, following a plenary hearing, the court awarded plaintiff sole custody. The court further directed that plaintiff and defendant each pay half of the unpaid balance of the Law Guardian's legal fees.

Even assuming, arguendo, that the court properly denied that part of defendant's cross motion seeking removal of Kadish, we conclude that the court should have granted that relief upon renewal of the cross motion, removing Kadish as Law Guardian and appointing a new Law Guardian before conducting the hearing.

Pursuant to Family Court Act § 241, "minors who are the subject of family court proceedings * * * should be represented by counsel of their own choosing or by law guardians. This declaration is based on a finding that counsel is often indispensable to a practical realization of due process of law and may be helpful in making reasoned determinations of fact and proper orders of disposition. This part establishes a system of law guardians for minors who often require the assistance of counsel to help protect their interests and to help them express their wishes to the court." Supreme Court has the same power as that of Family Court to appoint a Law Guardian in connection with custody proceedings arising from a divorce action (*see,* NY Const, art VI, § 7 [a]; *Kagen v Kagen*, 21 NY2d 532,

---

* Because both plaintiff and defendant subsequently sought to change the custody arrangement from joint to sole custody, we do not address the apparent absence of either jurisdiction or standing in connection with the order to show cause obtained by Kadish (*cf., Blauvelt v Blauvelt*, 219 AD2d 694).

536; *Frizzell v Frizzell*, 177 AD2d 825, 826, n; *Borkowski v Borkowski*, 90 Misc 2d 957, 958). While appointment of a Law Guardian in contested custody proceedings is not mandatory (*see,* Family Ct Act § 249 [a]; *Matter of Farnham v Farnham*, 252 AD2d 675, 677; *Matter of Church v Church*, 238 AD2d 677, 678), it is the preferred practice (*see, Matter of Farnham v Farnham, supra*, at 677; *Matter of Church v Church, supra*, at 678), and the failure to appoint a Law Guardian has been held to be an abuse of discretion (*see, Vecchiarelli v Vecchiarelli*, 238 AD2d 411, 413).

Almost invariably, custody proceedings are fiercely contested and involve complex and delicate issues. The children who are the subject of such proceedings must therefore be represented by a Law Guardian who is "absolutely independent of any influence from either parent" (*Matter of Scott L. v Bruce N.*, 134 Misc 2d 240, 246). As Family Court (Kaiser, J.) cogently observed in *Matter of Stien v Stien* (130 Misc 2d 609, 615), "[e]ither parent, or both, may try to persuade the court * * * that he or she only has the child's best interests in mind. Either parent, or both, may—and often does—see the child responding badly to the pulling and hauling of a custody battle and place the blame on the other, exonerating him or herself. The bitterer the contention, the greater the need for counsel loyal only to the child, beholden to neither parent, exercising independent judgment, not answerable to either party for her manner of representation."

A Law Guardian who has been retained and paid by one of the contesting parents is indelibly cast, either actually or ostensibly, as partial to the parent who hired him or her. Both the best interests of the children and principles of fundamental fairness dictate that such practice not be countenanced. Children may be represented "by counsel to whom they are merely referred by a parent * * *. Parents may not, however, retain counsel for their children or become involved in the representation of their children because of the appearance or possibility of a conflict of interest or the likelihood that such interference will prevent the children's representation from being truly independent" (*Matter of Fargnoli v Faber*, 105 AD2d 523, 524, *appeal dismissed* 65 NY2d 631, *mot to vacate denied* 65 NY2d 783, citing *Robert N. v Carol W.*, NYLJ, Sept. 30, 1983, at 15, col 6; *see also, P. v P.*, NYLJ, Nov. 10, 1992, at 29, col 3; *see generally*, Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 249, at 242-243). Here, plaintiff's retention and payment of the Law Guardian created an unacceptable actual or ostensible bias in favor of plaintiff.

Accordingly, the order awarding sole custody to plaintiff should be reversed, the motion to renew granted, and, upon renewal, the cross motion granted in part, the Law Guardian removed, and the matter remitted to a different Supreme Court Justice for the appointment of a new Law Guardian and further proceedings on the motion and cross motion for custody. We express no view concerning the merits of the court's award of custody.

HAYES, J. P., WISNER, SCUDDER and KEHOE, JJ., concur.

Order unanimously reversed, on the law, without costs, motion to renew granted, and, upon renewal, cross motion granted in part, Law Guardian removed and matter remitted to Supreme Court for further proceedings in accordance with the opinion by HURLBUTT, J.