■ EDWARD J. LIPS, Respondent, v MARGUERITE LIPS, Appellant. [725 NYS2d 763] —Crew III, J. Appeal from that part of an order of the Supreme Court (Seibert, Jr., J.), entered December 22, 2000 in Saratoga County, which denied defendant's motion for the appointment of a Law Guardian for the parties' minor child.

Plaintiff commenced this action for divorce in August 2000. Shortly thereafter, the parties' youngest child (born in 1984), left defendant's house, where she previously had resided, and moved in with plaintiff. Various motions relative to custody and support ensued including, insofar as is relevant to this appeal, defendant's application for the appointment of a Law Guardian for the child. Supreme Court, *inter alia*, denied defendant's motion, finding that it was without legal authority to appoint a Law Guardian for the child in the context of the parties' contested matrimonial action. Defendant now appeals from so much of Supreme Court's order as denied her request for the appointment of a Law Guardian.

The narrow issue presented on the instant appeal was addressed and decided by the Fourth Department in *Davis v Davis* (269 AD2d 82), wherein the Court held that "Supreme Court has the same power as that of Family Court to appoint a Law Guardian in connection with custody proceedings arising from a divorce action" (*id.*, at 84, citing NY Const, art VI, § 7 [a]; *Kagen v Kagen*, 21 NY2d 532, 536; *Frizzell v Frizzell*, 177 AD2d 825, 826 n; *Borkowski v Borkowski*, 90 Misc 2d 957, 958; *see also*, 22 NYCRR 202.16 [f] [3]). We see no reason to depart from the view expressed by the Fourth Department in *Davis* and, hence, conclude that Supreme Court erred in denying defendant's application for the appointment of a Law Guardian based upon its mistaken belief that it lacked the legal authority to do so.

As to the issue of whether a Law Guardian *should* be appointed for the minor child at issue, the case law makes clear that, although the appointment of a Law Guardian in a contested custody matter remains "the preferred practice" (*Davis v Davis, supra*, at 85), such appointment is discretionary, not mandatory (*see*, Family Ct Act § 249 [a]; *Matter of Ebel v Urlich*, 273 AD2d 530, 532; *Matter of Walker v Tallman*, 256

AD2d 1021, 1022, *lv denied* 93 NY2d 804). Supreme Court never reached this issue, and the record before us is insufficient to determine whether the exercise of discretion warrants such an appointment here. We therefore deem it appropriate to remit this matter to Supreme Court for consideration of that issue. In the event that a Law Guardian is appointed, he or she shall be compensated in accordance with the provisions of Family Court Act § 245 (c), Judiciary Law § 35 (3) and 22 NYCRR 835.5. Such Law Guardian costs shall be payable by the State (*see*, Family Ct Act § 248).

Cardona, P. J., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for the appointment of a Law Guardian; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.