◼ CHARLES E. DEWITT, Respondent, v SUSIE A. SHEINESS, Appellant. [840 NYS2d 208]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered February 16, 2006 in Otsego County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

Plaintiff and defendant met in 1999 and, shortly thereafter, defendant and her four children moved into plaintiff's home. The parties married in 2001 and have one child together (born in 2000). Their relationship deteriorated and, in 2004, without informing plaintiff, defendant took the children and moved to Pennsylvania to reside in a house owned by Michael Balko—a man she communicated with over the Internet, but had never met. Plaintiff then commenced this action for divorce on the grounds of adultery and cruel and inhuman treatment and sought custody of the parties' child. After a nonjury trial, Supreme Court granted plaintiff a divorce on the ground of cruel and inhuman treatment and ordered equitable distribu-

tion of the marital property. In addition, the court awarded custody of the parties' child to plaintiff, ordered defendant to pay child support and denied her request for counsel fees.

Initially, we are unpersuaded by defendant's contention that Supreme Court erred in awarding custody of the child to plaintiff. "The primary concern in determining child custody is the best interests of the child" (*Matter of Fullam v Fullam*, 39 AD3d 897, 897 [2007], *lv denied* 9 NY3d 802 [2007] [citations omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Hissam v Mackin*, 41 AD3d 955, 956 [2007]). Among factors that can be considered in determining the best interests of the child are "the relative stability and financial situation of the respective parents; each parent's fitness and ability to provide for and guide the [child's] intellectual and emotional development; and the quality of the home environment" (*Matter of Farnham v Farnham*, 252 AD2d 675, 676 [1998]; *see Matter of Fullam v Fullam, supra* at 897; *Matter of Hildenbrand v Hildenbrand*, 37 AD3d 981, 982 [2007]). While this Court's authority is as broad as Supreme Court's, the trial court "is in the best position to evaluate the 'testimony, character and sincerity of all the parties involved in this type of dispute' " and its findings will generally be accorded deference unless they lack a sound and substantial basis in the record (*Matter of Farnham v Farnham, supra* at 676, quoting *Eschbach v Eschbach, supra* at 173).

Here, Supreme Court found plaintiff's testimony to be forthright and honest. Although plaintiff admitted that he had abused alcohol in the past, his testimony also revealed that he is gainfully employed and earns a modest income, owns the house in which he has resided for approximately 10 years, and is an active and caring father. Thus, the record supports the court's conclusion that plaintiff is able to provide a stable, comfortable and nurturing home environment for the child. Although defendant alleged that plaintiff physically abused the children, the court credited plaintiff's testimony that any disciplinary measures were neither abusive nor inappropriate.

In contrast, Supreme Court found that defendant was not a credible witness and that her lifestyle reflected a high level of instability. Specifically, defendant has a history of frequently moving, apparently often residing with her paramours and relying on them to support her and her five children. Furthermore, at the time of trial defendant was unemployed and seemed to have no immediate plans of securing employment or occupational training, instead choosing to support herself and the children with child support payments that she received as well

as financial contributions from Balko. Although there was no dispute that defendant took good care of her children, the court found that her move to Pennsylvania without giving notice to plaintiff was exemplary of her tendency to put her own interests above those of her children. Mindful that separation of siblings is to be discouraged (*see Eschbach v Eschbach, supra* at 173; *Matter of McGrath v Collins,* 202 AD2d 719, 720 [1994]; *Matter of Bilodeau v Bilodeau,* 161 AD2d 906, 907 [1990]), based upon the record before us and giving deference to Supreme Court's assessment of the parties' credibility, we find no reason to disturb its custody determination.

Next, under the circumstances herein, we find no abuse of discretion in Supreme Court ordering the equitable distribution award to be paid in three yearly installments without interest. When equitable distribution is appropriate but impractical or burdensome the court may order a distributive award payable in installments (*see* Domestic Relations Law § 236 [B] [5] [e]; *Nolan v Nolan,* 107 AD2d 190, 194 [1985]). The liquidity of the assets and the ability of the party to pay are proper considerations when fashioning such an award (*see Rosenberg v Rosenberg,* 126 AD2d 537, 540 [1987], *lv denied* 70 NY2d 601 [1987]; *Nolan v Nolan, supra* at 194). Here, the only marital property to be distributed was the value of the improvement made to plaintiff's home. Considering plaintiff's lack of liquid assets and limited income, permitting plaintiff to pay defendant over a three-year period without interest was an appropriate exercise of the court's discretion (*see Rosenberg v Rosenberg, supra* at 540; *see also Smith v Smith,* 17 AD3d 959, 960 [2005]).

Turning to the issue of maintenance to defendant, her request for that relief was not clear since in her "statement of proposed disposition" she indicated that she was not seeking maintenance. Supreme Court, when addressing maintenance, set forth that it was not applicable. Upon this record, we determine that maintenance is properly before this Court for review and, rather than remitting the matter to Supreme Court, in the interest of judicial economy "we will exercise our authority to make the necessary findings" based upon the full record before us (*Altomer v Altomer,* 300 AD2d 927, 927 [2002]; *see Chasin v Chasin,* 182 AD2d 862, 864 [1992]). Considering all the requisite factors and circumstances herein, including the short duration of the parties' marriage, the parties' modest financial means, their health, age and earning capacities, together with the equitable distribution award, we find that an award of maintenance is not warranted (*see* Domestic Relations Law § 236 [B] [6] [a]; *see also Smith v Smith,* 8 AD3d 728, 731 [2004]; *Gandhi v Gandhi,* 283 AD2d 782, 786 [2001]).

Finally, considering "the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]), Supreme Court did not abuse its discretion in denying defendant's request for counsel fees.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.