■ In the Matter of PATRICIA E.K., Respondent-Appellant, v EDWARD THOMAS K., JR., Appellant-Respondent, and HEIDI K., Respondent. [845 NYS2d 610]—

Appeal and cross appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered November 3, 2005. The order, inter alia, awarded custody of respondents' child to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the visitation provisions with respect to respondent Edward Thomas K., Jr. and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Chautauqua County, for further proceedings in accordance with the following memorandum: Respondent father appeals from an order that, inter alia, awarded custody of respondents' child to petitioner grandmother. We reject the father's contention that the grandmother failed to establish the existence of extraordinary circumstances (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). The evidence presented at the hearing established that the father voluntarily relinquished physical custody of the child and that he is otherwise unfit to regain custody of the child, in view of his history of violence and mental illness (*see Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 293 [1996]). We further conclude that Family Court properly determined that it is in the best interests of the child to award custody to the grandmother (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]). We reject the contention of the father that he was denied effective assistance of counsel (*see generally Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351-1352 [2006], *lv denied* 7 NY3d 717 [2006]).

We agree with the grandmother on her cross appeal, however, that the court should have ordered a home study of the father's present living environment in Kansas before it allowed the father to exercise unsupervised visitation with the child (*cf. Lee v Halayko*, 187 AD2d 1001, 1002 [1992]). The record establishes that, although respondent lived in a three-bedroom home, he used one of the bedrooms and only one of the two remaining bedrooms was useable. That bedroom was occupied by his girlfriend's daughter and grandson when they visited, and the frequency and duration of those visits is not apparent on the record before us. We thus are unable to ascertain whether the child would have his own room when he visited the father. In

addition, although the record establishes that the father left for work at 3:30 A.M. every day and that his girlfriend left for work at 6:00 A.M., the court did not address the issue of supervision of the child during the periods of visitation. We therefore modify the order by vacating the visitation provisions with respect to the father, and we remit the matter to Family Court to determine visitation following a home study of the father's present living environment. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Fahey, JJ.