In the Matter of FREDERICK S. BURDICK III, Respondent, v CHASITY BABCOCK, Appellant. (And Three Other Related Proceedings.) [875 NYS2d 277]—

Cardona, P.J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered March 18, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties, who are the parents of two children, filed cross petitions seeking custody of the younger child (born in 2007). Respondent (hereinafter the mother) also submitted two other petitions: the first seeking to modify an existing order that awarded physical custody of the parties' older child (born in 2004) to petitioner (hereinafter the father); the second alleging that the father violated that order by interfering with her visitation with the older child. After a hearing on all petitions, Family Court granted the father's petition, awarded sole custody of the younger child to him, and dismissed the remaining petitions. On appeal, the mother argues that she should have been awarded custody of the younger child and that the court erred in failing to appoint a Law Guardian to represent the children in the proceedings before Family Court.

In custody matters, this Court will generally defer to Family Court's findings unless they lack a sound and substantial basis in the record (see Dewitt v Sheiness, 42 AD3d 776, 777 [2007];

*Matter of Farnham v Farnham*, 252 AD2d 675, 676 [1998]). Here, the court's findings are fully supported by the record. The mother acknowledged that she did not have a suitable residence because the man she was living with had a history of child abuse. She also testified that she remained unemployed after being terminated from her employment because of poor attendance. Furthermore, she admitted that, although she was prescribed medication for depression and Medicaid would pay for it, she stopped taking it because she did not believe it was necessary. On the other hand, the father maintained suitable housing, was gainfully employed, and did not infringe on the mother's visitation with either child. We also note that the mother's allegations that the father sexually abused the older child, upon which she premised her modification petition, were determined to be unfounded. In light of the foregoing, and upon consideration of all the relevant factors (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Dewitt v Sheiness*, 42 AD3d at 777; *Matter of Farnham v Farnham*, 252 AD2d at 676-677), we agree with Family Court that the award of custody to the father is in the child's best interest (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]; *Dewitt v Sheiness*, 42 AD3d at 777).

Regarding the appointment of a law guardian, we note that while such appointment is "highly recommended and strongly encouraged," the decision whether to appoint one in a particular case lies within the trial court's discretion (*Matter of Ebel v Urlich*, 273 AD2d 530, 532 [2000]; *see* Family Ct Act § 249). Under all of the circumstances herein, including the very young age of the subject children and the lack of any apparent prejudice to them resulting from the absence of a law guardian, we find no abuse of discretion (*see Richard D. v Wendy P.*, 47 NY2d 943, 944-945 [1979]; *Matter of Farnham v Farnham*, 252 AD2d at 677; *Lee v Halayko*, 187 AD2d 1001, 1002 [1992]).

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.